CHAD E. NYDEGGER, (BAR #9964); Email:  cnydegger@wnlaw.com
WORKMAN│NYDEGGER A Professional Corporation
60 East South Temple, Suite 1000
Salt Lake City, UT  84111
Telephone:  (801) 533-9800
Facsimile:   (801) 328-1707

Attorney for Midfoot Performance LLC

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| MIDFOOT PERFORMANCE LLC, a Utah limited liability corporation,<br><br>Plaintiff,<br><br>v.<br><br>SENSORIA INC., a Delaware corporation,<br><br>Defendant. | Civil Action No. 1:15-cv-00143-PMW<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>Magistrate Judge Paul M. Warner<br><br>**Demand for Jury** |

## BACKGROUND

Midfoot Performance LLC ("Midfoot Performance") is an innovative Utah start-up company that develops products related to running.  One of Midfoot Performance's innovations is a system that monitors running form and provides the runner with live feedback.  This technology is protected by U.S. Patent No. 8,686,862 (the "'862 patent"), the subject of the present lawsuit.  A copy of the '862 patent is attached hereto as Exhibit A.

Plaintiff Midfoot Performance LLC alleges claims against Defendant Sensoria Inc. ("Defendant") for infringement of the '862 patent as follows:

## THE PARTIES

1. Midfoot Performance LLC is a Utah limited liability company engaged in the development of technology related to the sport of running, with its principle place of business at 2278 Deere View Drive, Layton, UT 84040.

2. Sensoria Inc. is a Delaware corporation that markets and sells sports products and, on information and belief, has a principle place of business at 16225 NE 87TH Street, Suite A10, Redmond, Washington 98052.

## NATURE OF THE ACTION

3. This is a civil action for infringement of the '862 patent by Defendant under Title 35 U.S.C. §§ 271, 281, 283, 284 and 285.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over the patent infringement claims in this Action under 28 U.S.C. §§ 1331 and 1338(a). This Court has diversity jurisdiction over all claims asserted in this action pursuant to 28 U.S.C. §1332, because Midfoot Performance is a citizen of Utah, and on information and belief, Defendant is a citizen of Washington and Delaware, and the amount in controversy exceeds the jurisdictional amount of $75,000, excluding interest and costs.

5. On information and belief, Defendant has transacted business, contracted to supply goods including the products accused of infringing the claims of the '862 patent, and caused injury within the state of Utah, and has otherwise purposely availed itself of the privileges and benefits of the laws of the state of Utah, and is therefore subject to personal jurisdiction in this Court pursuant to § 78B-3-205, Utah Code Ann.

6. Venue is proper in this Court under 28 U.S.C. §1391(b)(2) because Midfoot Performance is domiciled in Utah, and Defendant has committed acts of patent infringement and has otherwise regularly conducted or conducts business within Utah.

## GENERAL ALLEGATIONS

7. Bradly Dunham ("Dunham") is an avid runner, having completed multiple marathons and ultra-marathons, and is also an inventor. Combining his passions for innovation and running, Dunham invented new systems and methods to assist runners with their running form by monitoring how a runner's feet strike the ground, and informing the runner when the runner's foot strikes the ground in a manner that is inconsistent with the preferred running form.

8. These inventive systems and methods are patented in the '862 patent, which is currently owned by Midfoot Performance, of which Dunham is the managing member.

9. The claims of the '862 patent are generally directed to systems and methods for monitoring whether a runner's heel or midfoot strikes the ground first during running. A first sensor is to monitor when the heel strikes the ground, and a second sensor is positioned to monitor when the midfoot strikes the ground. An indicator generates a notice to the runner when the heel lands before the midfoot, thus providing the runner with valuable information to correct his or her running form.

10. Defendant markets and sells a system that infringes the claims of the '862 patent. Specifically, Defendant markets and sells (i) Sensoria Running Socks Infused with Textile Pressure Sensors (the "Sensoria Socks"), ( ii) Sensoria Bluetooth Anklet (the "Sensoria Anklet"), and (iii) Sensoria Fitness applications ("Sensoria App").

11. When worn by a runner, the Sensoria Socks have at least one pressure sensor that is configured to be positioned under the heel, and at least one pressure sensor that is configured to be positioned under the midfoot. These pressure sensors detect when the runner's midfoot and heel strike the ground relative to one another during each step.

12. The Sensoria Anklet connects to the Sensoria Socks, and is enabled with Bluetooth technology that allows the Sensoria Anklet to communicate wirelessly with the Sensoria App installed on an electronic device, such as a an iPhone.

13. The Sensoria App includes a function titled "Running Form Feedback" and a "Virtual Coach." The Running Form Feedback and Virtual Coach allow the user to set up the Sensoria App to give the runner notifications when the runner's heel strikes the ground prior to the runner's midfoot.

14. During operation, the sensors in the Sensoria Socks detect when the runner's midfoot and heel strike the ground. This data is processed and communicated to the anklet, which then sends this data via Bluetooth connection to the runner's electronic device on which the Sensoria App is installed. If the data shows that the runner's heel is striking prior to the runner's midfoot then the Virtual Coach notifies the runner that the heel is striking first, and instructs the runner to concentrate on landing on the midfoot first.

15. This system is further explained on the website sensoriafitness.com, a printout of portions of which is attached hereto as Exhibit B.

16. On February 26, 2015, counsel for Midfoot Performance sent a letter to Defendant informing it of the '862 patent and offering to discuss licensing the '862 patent to Defendant. A copy of this letter is attached hereto as Exhibit C.

17. Despite knowing of the '862 patent since at least February 26, 2015, Defendant has continued to sell its Sensoria Socks, Sensoria Anklet, and Sensoria App, which together infringe the claims of the '862 patent.

## CLAIM ONE

### (Willful Patent Infringement)

18. Midfoot Performance hereby incorporates the allegations of the preceding paragraphs of this Complaint as though fully set forth in this Claim 1.

19. Midfoot Performance owns all rights and title to the '862 patent by assignment, including the right to sue for past damages.

20. Defendant's system for monitoring whether a runner's heel strikes before the midfoot, which system is comprised of the Sensoria Socks, Sensoria Anklet and Sensoria App, infringes at least claims 1 and 9 of the '862 patent when worn by a runner that has set the Sensoria App to deliver notifications when the runner's heel lands before the runner's midfoot.

21. Defendant had actual notice '862 patent starting from at least February 26, 2015, and despite such notice continues to willfully, wantonly, and deliberately infringe the claims of the '862 patent without regard to Midfoot Performance's patent rights, and will continue to do so unless enjoined by this Court.

22. The function of Sensoria's system comprised of the Sensoria Socks, Sensoria Anklet and Sensoria App for monitoring whether a runner's heel strikes before the midfoot, has no substantial non-infringing use because its only use is to inform runners whether his or her heels strikes the ground before the midfoot.

23. Defendant provides its customers with the Sensoria Socks, Sensoria Anklet and Sensoria App that are specially designed, made and adapted to monitor a runner's stride and notify the runner when his or her heel strikes the ground prior to the midfoot in a manner that infringes the claims of the '862 patent.

24. Defendant is also aware of the claims of the '862 and that its system for monitoring whether a runner's heel strikes the ground before the midfoot infringes the '862 patent, yet induces its customers to infringe the '862 patent through its instructions to consumers instructing them how to use this system to monitor the customers' running form.

25. Midfoot Performance has been and will continue to be damaged by the infringing conduct of Defendant in an amount to be established at trial.

26. Further, Defendant threatens to continue to infringe the claims of the '862 patent to Midfoot Performance's irreparable injury unless Defendant is restrained and enjoined. It would be difficult to ascertain the amount of compensation that would afford Midfoot Performance adequate relief for such future and continuing infringement, and a multiplicity of judicial proceedings would be required to protect Midfoot Performance's rights in the '862 patent. Thus, Midfoot Performance does not have an adequate remedy at law to compensate it for the injuries threatened.

## PRAYER FOR RELIEF

WHEREFORE, Midfoot Performance prays for entry of a final order and judgment against Defendant that:

1. Defendant is liable for direct, contributory, and induced infringement of the '862 patent;

2. Defendant, its officers, agents, servants, employers and attorneys, and all other persons in active concert or participation with them be permanently enjoined from further infringing the '862 patent;

3. Defendant pay to Midfoot Performance its damages, and that such damages be trebled in view of the willful and deliberate nature of Defendant's infringement of the '862 patent;

4. This case be declared an exceptional case, and that Midfoot Performance be awarded its attorneys' fees;

5. Awards Midfoot Performance its costs of suit to the fullest extent permitted by law; and

6. Midfoot Performance be granted such other and further relief as the Court may deem just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

Midfoot Performance demands that all issues of fact in the Complaint be tried by jury.

DATED this 10th day of November, 2015.

         WORKMAN NYDEGGER

         By /s/Chad E. Nydegger
           CHAD E. NYDEGGER

         Attorney for Midfoot Performance LLC